**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Celestino TORRES–VILLA,**
**Defendant–Appellant.**

No. 04–41379.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided March 16, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, Michelle Palacios, U.S. Attorney's Office, Southern District of Texas, McAllen, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Michael L. Herman, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM: *

Celestino Torres–Villa (Torres) pleaded guilty to unlawfully re-entering the United

---

**894**

States in violation of 8 U.S.C. § 1326(a). Citing *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Torres first challenges the district court's imposition of a 16–level enhancement for a prior felony conviction pursuant to U.S.S.G. § 2L1.2. As the enhancement of Torres's sentence was based on a prior conviction, there was no Sixth Amendment *Booker* error. Nevertheless, in light of *Booker*, the application of the Guidelines as mandatory was error, which this court has termed "Fanfan" error. *See United States v. Walters*, 418 F.3d 461, 463 (5th Cir.2005). We review for harmless error, and we reject Torres's contention that "Fanfan" error is structural and, therefore, insusceptible of harmless error analysis. *See id.* at 463–64.

The Government has failed to carry its burden of showing harmless error as it has failed to point to anything in the record that demonstrates "beyond a reasonable doubt that the district court would not have sentenced [Torres] differently had it acted under an advisory Guidelines regime." *United States v. Akpan*, 407 F.3d 360, 376–77 (5th Cir.2005). The Government's assertions that the error was harmless because the sentence was properly calculated under the Guidelines, the sentence was reasonable in light of 18 U.S.C. § 3553(a), and the district court indicated no dissatisfaction with the Guidelines, are insufficient to carry the Government's burden. *See Walters*, 418 F.3d at 465–66; *United States v. Pineiro*, 410 F.3d 282, 286 (5th Cir.2005).

Torres also asserts that the enhanced penalty provisions of 8 U.S.C. § 1362(b) are unconstitutional. Torres's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Torres contends that *Almendarez–Torres* was incorrectly decided

and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Torres properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

For the foregoing reasons, we AFFIRM Torres's conviction. We VACATE his sentence and REMAND to the district court for re-sentencing.